## Price *v.* Comer & Company.

1. Where one of the parties makes a calculation which the auditor adopts and it appears to be correct, it is immaterial who made it.
2. Under the facts disclosed by the record, the method of calculation directed by the court and followed by the auditor, was lawful and the result correct.
3. The court directed the auditor at one term to make calculations in a certain way. No exceptions were filed *pendente lite*. The auditor followed the order and reported at the next term. *Held,* that it was then too late to except to the mode of calculation.

July 8, 1891. By two Justices.

Auditors. Practice. Interest. Before Judge Bower. Calhoun superior court. December term, 1890.

Reported in the decision.

J. J. Beck and Wooten & Wooten, for plaintiff in error.

D. H. Pope, *contra.*

Bleckley, Chief Justice.

1. There is no rule or principle of law which forbids

parties or their counsel to make calculations and submit them when made to the auditor for his consideration. The auditor may not be bound to receive and examine such documents, but if he thinks proper to do so, he does not transcend his powers. If he finds one of the calculations correct, tested by the evidence and by the right rule of computation applicable to the same, he may adopt it as his own. By verifying its correctness and incorporating it in his report he does adopt it; and if it be in fact correct, what matters it that it originated with one of the parties or his counsel, and not with the auditor himself? We can see no objection to this practice. In stating an account and ascertaining the balance, no injustice can be done by making the process one of revision rather than one of original computation. Correctly applied to the same materials, figures will yield the same result, whether employed by the deciding mind in the first instance or after a previous employment by another mind. It is of no consequence that the auditor was led if he was not misled.

2. The code, in section 2055, prescribes the rule for computing interest. It says: "When a payment is made upon any debt, it shall be applied first to the discharge of any interest due at the time, and the balance, if any, to the reduction of the principal. If the payment does not extinguish the interest then due, no interest shall be calculated on such balance of interest, but only on the principal amount up to the time of the next payment." This, in effect, was the rule which the court dictated to the auditor, and which the latter followed and applied. Under the facts in evidence, as we understand them, the rule was applicable to the transactions between these parties embraced in the present controversy, and we have discovered no error in the result.

3. As a matter of practice, it was too late to except to the rule of calculation which the court instructed the auditor to follow, even had it been incorrect; for exception was delayed until after the auditor filed his report, which was at the next term of the court after the order of instructions was passed. To save the point the order should have been excepted to *pendente lite*, as provided for in section 4250 of the code; and section 4254 requires such exceptions to be tendered during the term. But there was no error, irrespective of this question of practice. We see nothing in any of the rulings complained of which calls for a reversal.

*Judgment affirmed.*